R. J. Durkee, Petitioner, *v.* Commissioner of Internal
Revenue, Respondent.

Docket No. 5892.    Promulgated April 19, 1946.

*H. Melvin Roberts, Esq.*, for the petitioner.
*Lawrence R. Bloomenthal, Esq.*, for the respondent.

774

OPINION.

DISNEY, *Judge*: The Commissioner having determined that the $19,439.95 received by the petitioner in settlement of the suit above described constituted taxable income to him, in accordance with the provisions of section 22 (a), Internal Revenue Code, it is incumbent upon the petitioner to show error in such determination. After carefully analyzing all of the facts and the law applicable thereto, we are of the opinion that such showing has not been made.

Epitomized, the situation is that the petitioner recovered the money in settlement of an action brought by him; that he alleged in detail that he had been prevented from bidding upon certain electrical construction jobs; that his bid had been rejected on certain other jobs; and that he had been prevented from obtaining many jobs, all through the conspiracy and acts of the defendants; that prior to such conspiracy he had been deriving a fair profit from his business and had a great good will, which would have increased in value but for the defendants; that prior to that time he had been earning from $8,000 to $10,000 a year, which would have increased to $15,000 or $20,000 a year had it not been for the defendants; that they had deprived him of the right of free competition and the right to engage in business, and thereby the good will of his business had been destroyed and he was deprived of an income for ten years past of the approximate value of $150,000; that therefore he sued, under section 6397 of the General Code of Ohio for twofold the amount of his damages, that is $300,000.

If the amount received in settlement of such an action had, been shown to be received for the good will of petitioner's business, it would, above its basis, be a capital recovery, and he would not be taxable. But clearly, it is impossible for us so to state, under the facts of record here. The petition, in effect, alleges both loss of profits and damage to good will and business, but there is no way of allocating between the two elements. Moreover, the record contains no showing of the basis of the good will, even if the entire recovery had been shown to be for that element of the action. Again, the settlement was a release and discharge "from all debts, claims, demands, damages, actions and causes of actions whatsoever, and in particular from such as have been asserted in said Case No. 491756"—the case above described. Moreover, the settlement on its face shows that it was for not only the petitioner, but a corporation and a partnership—though the partnership is recited to have been already dissolved. The situation is similar to that involved in *Raytheon Production Corporation*, 1 T. C. 952; affd., 144 Fed. (2d) 110; certiorari denied, 323 U. S. 779, where we were unable to allocate any portion of the money received upon a settlement to capital recovery because of a settlement including matters other than such capital recovery,

for good will, and because the settlement was also for other parties than the petitioner there. Though the petitioner here received all of the money, in the absence of any showing as to his relation with the corporation included in the release, we can not say that any claims that it might have had against the defendants, possibly not for capital recovery, were not included in the settlement. The petitioner may have been the sole owner of such corporation, giving rise to question in that regard, and without explanation we can not presume otherwise. *Raytheon Production Corporation*, supra; *Martin Brothers Box Co.* v. *Commissioner*, 142 Fed. (2d) 457.

With other cases which we find not applicable, the petitioner relies upon *Highland Farms*, 42 B. T. A. 1314, suggesting that, "If it should be claimed that any part of the settlement money received by the petitioner could have been considered as allocated to the penalty imposed by the statute because of the violation of the Anti-Trust Law, such penalty or punitive damages are never considered as income, and are never taxable." However, we are again unable to allocate between any recovery for capital replacement, for good will, for, though there appears to be some conflict of opinion as to whether a suit for multiple damages, such as the one here considered, is or is not punitive in its nature, there is strong authority that where the statute allows recovery of only a multiple of actual damages proven, any such recovery is punitive only above the amount of actual damages; also strong authority that the recovery in such a case is remedial. This, of course, leaves us, in any event, unable to say how much, if any, of the moneys received upon settlement in this matter was received under the punitive element of the case, and therefore, under the *Highland Farms* case, was not income. In that case there was definite division between the punitive and the remedial elements involved in the case which went to judgment, whereas here there is none. 15 American Jurisprudence 742, on this question, says:

Nature and Conditions Precedent to Recovery.—Where the statute provides for double or treble damages, the excess over the actual damages sustained is generally regarded as punitive in character or as a penalty, the purpose being to subject the wrongdoer to an extraordinary liability by way of punishment. Since such statutes are penal laws, they must be strictly construed and will not be construed to include other damages not covered by the terms of the statute.

*Sullivan* v. *Associated Billposters & Distributors*, 6 Fed. (2d) 1000 (C. C. A., 2d Cir.), involved an action under section 7 of the Sherman Anti-Trust Act, providing that any person injured in his business or property by reason of anything forbidden or declared unlawful by the act "shall recover threefold" "the damages by him sustained." The court said:

* * * A statute may be penal in one part and remedial in another. If a statute which is penal in part gives a remedy for an injury to the person

injured, to the extent that it gives such a remedy it is a remedial statute, irrespective of whether it limits the recovery to the amount of actual loss sustained or as cumulative damages as compensation for the injury. * * * [Citing many authorities.]

See also *Imperial Film Exch.* v. *General Film Co.*, 244 Fed. 985; *United Copper Securities Co.* v. *Amalgamated Copper Co.*, 232 Fed. 574.

The petitioner has, in our opinion, failed to show error in the determination by the Commissioner with respect to the amount received in settlement as above described.

*Decision will be entered for the respondent.*