OPINION. Leech, Judge: The question presented is whether the net amount of $48,945 received by petitioner in the taxable year 1939 under a certain indenture constitutes taxable income under section 22 (a), or is chargeable to capital account. The respondent contends: (a) That the $50,000, less $1,055 expenses incurred, which petitioner received from the city of Los Angeles under the indenture of August 11, 1939, represented compensation for loss of present and future income and consideration for release of many meritorious causes of action against the city, constituting ordinary income; and, (b) since petitioner has failed to allocate such sum between taxable and nontaxable income, it has not sustained its burden of showing error. Petitioner maintains that the language of the indenture and the circumstances leading up to its execution demonstrate that the consideration was paid for the easement granted to the city of Los Angeles and the consequent damage to its property rights; that the loss of past or future profits was not considered or involved; that the character of the easement rendered it impracticable to attempt to apportion a basis to the property affected; and, since the sum received is less than the basis of the entire property, taxation should be postponed until the final disposition of the property. The recitals in the indenture of August 11,1939, indicate its principal purpose was to convey to the city of Los Angeles a right of way and perpetual easements to discharge water upon and flood the lands of petitioner, in connection with the water supply of the city. Among its covenants are reciprocal releases by the respective parties. The respondent relies heavily on the language of the release by petitioner as grantor, contained in paragraph (A) of the indenture, which is set forth in full in our findings of fact. We think the respondent places too much emphasis upon the release provision of the indenture. . It is usual and customary in agreements of this character to incorporate a provision for the release and discharge of any possible past, present, or future claims and demands. The mutuality of the releases indicates the purpose was precautionary and protective rather than descriptive and in recognition of asserted claims and demands. Paragraph (e) of the indenture recites that “a dispute has arisen between the parties hereto wherein Grantor claims that it has been and is being damaged by reason of the discharge into said Owens Eiver * * * of foreign waters, and that such damage will continue henceforth * * The character of the damage is not specified or otherwise indicated. The record reveals, through the testimony of petitioner’s officers and its attorneys who carried on the negotiations culminating in the agreement, that no claim for damages for lost profits or income was ever asserted or considered. Of primary concern was the fact that, if the city were permitted to continue interference with petitioner’s rights as riparian owner, the city might acquire, by prescription or user, the right to direct foreign waters into the Owens Eiver, flooding petitioner’s lands and interfering with its fishing rights by polluting the stream. The threat of an injunction suit was to protect petitioner against the city acquiring such rights without making proper compensation therefor. The evidence does not disclose any claim for or loss of income. There is some evidence that employees of the city, from time to time, engaged in unauthorized fishing and poaching upon petitioner’s lands. The remedy of the petitioner for such wrongful acts would be against the individuals and not against the municipality, since clearly such tortious acts were not within the scope of their employment. Obviously, no part of the consideration received by petitioner from the city was paid for the release of such claims and demands. The recital in the indenture that petitioner, as grantor, released the city from all claims and demands “ by reason of any and all other acts of whatsoever kind or nature of said Department, its employees, officers, or agents, upon, in connection with or pertaining to Grantor’s land” embraces such acts as were within the scope of their employment! The record does not disclose the existence of such acts, if there were any. No claims or demands based on acts of that character had been made. We conclude that petitioner has satisfactorily established that the $50,000 it received in 1939 was consideration paid by the city for a right of way and easements and for resulting damages to its property and property rights. The respondent further contends that petitioner has failed to allocate any portion of the $50,000 to nontaxable recovery of capital. He argues that the payment was a “lump sum” settlement related to many things which were not connected with petitioner’s capital, such as loss of grazing rentals, guest card fees, and loss of fish from pollution. The record establishes that the grazing rentals were constant and that the guest fees were not intended to develop a source of operating revenue, but merely to restrict the number of guests.' Pollution of the stream is an injury to property. The loss of fish as a result of the pollution of the river could form no basis for a claim, since fish in their wild state belong to the sovereign. In support of his position the respondent relies upon Raytheon Production Corporation, 1 T. C. 952; affd., 144 Fed. (2d) 110; certiorari denied, 323 U. S. 779; R. J. Durkee, 6 T. C. 773; since reversed, 162 Fed. (2d) 184. In the Durkee case, the Circuit Court says: It is settled that since profits from business are taxable, a sum received in settlement of litigation based upon a loss of profits is likewise taxable; but where the settlement represents damages for lost capital rather than for logt profits the money received is a return of capital and not taxable. * * * [Citing many cases.] The difficulty is in determining whether the recovery is for lost profits or for lost capital. The test is as stated by this Court in Farmers’ & Merchants’ Bank v. Commissioner, supra, and approved in Swastika Oil & Gas Company v. Commissioner, supra, namely, “The fund involved must be considered in the light of the claim from which it was realized and which is reflected in the petition filed.” Upon this record we have concluded that no part of the recovery was paid for loss of profits, but was paid for the conveyance of a right of way and easements, and for damages to petitioner’s land and its property rights as riparian owner. Hence, the respondent’s contention has no merit. Capital recoveries in excess of cost do constitute taxable income. Petitioner has made no attempt to allocate a basis to that part of the property covered by the easements. It is conceded that all of petitioner’s lands were not affected by the easements conveyed. Petitioner does not contest the rule that, where property is acquired for a lump sum and subsequently disposed of a portion at a time, there must be an allocation of the cost or other basis over the several units and gain or loss computed on the disposition of each part, except where apportionment would be wholly impracticable or impossible. Nathan Blum, 5 T. C. 702, 709. Petitioner argues that it would be impracticable and impossible to apportion a definite basis to the easements here involved, since they could not be described by metes and bounds; that the*flow of the water has changed and will change the course of the river; that the extent of the flood was and is not predictable; and that to date the city has not released the full measure of water to which it is entitled. In Strother v. Commissioner, 55 Fed. (2d) 626, the court says: * * * A taxpayer * * * should not be charged with gain on pure conjecture unsupported by any foundation of ascertainable fact. See Burnet v. Logan, 283 U. S. 404; 51 S. Ct. 550, 75 L. Ed. 1143. This rule is approved in the recent case of Raytheon Production Corporation v. Commissioner, supra. Apportionment with reasonable accuracy of the amount received not being possible, and this amount being less than petitioner’s cost basis for the property, it can not be determined that petitioner has, in fact, realized gain in any amount. Applying the rule as above set out, no portion of the payment in question should be considered as income, but the full amount must be treated as a return of capital and applied in reduction of petitioner’s cost basis. Burnet v. Logan, 283 U. S. 404. Reviewed by the Court. Decision will be entered for the petitioner.