*Decisions will be entered under Rule 50.*

GENERAL AMERICAN INVESTORS COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36220. Promulgated December 30, 1952.

*Robert A. McDowell, Esq.*, for the petitioner.
*Arthur L. Nims, Esq.*, for the respondent.

OPINION.

BLACK, *Judge:* The applicable statutes in this proceeding are section 22 (a) of the Internal Revenue Code, section 30 (f) of the Investment Company Act of 1940, 54 Stat. 837, 15 U. S. C. section 80a–29 (f) and section 16 (b) of the Securities Exchange Act of 1934, 48 Stat. 896, 15 U. S. C. section 78p (b). Section 22 (a) of the Code is so familiar that it is unnecessary to incorporate it herein. The other two applicable statutory provisions are printed in the margin.[1]

---

[1] Section 30 (f) of the Investment Company Act of 1940, 54 Stat. 837, 15 U. S. C. section 80a–29 (f) :

(f) Every person who is directly or indirectly the beneficial owner of more than 10 per centum of any class of outstanding securities (other than short-term paper) of which a registered closed-end company is the issuer or who is an officer, director, member of an advisory board, investment adviser, or affiliated person of an investment adviser of such a company shall in respect of his transactions in any securities of such company (other than short-term paper) be subject to the same duties and liabilities as those imposed by section 16 of the Securities Exchange Act of 1934 upon certain beneficial owners, directors, and officers in respect of their transactions in certain equity securities.

Section 16 (b) of the Securities Exchange Act of 1934, 48 Stat. 896, 15 U. S. C. section 78p (b) :

(b) For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase of any equity security of such issuer (other than an exempted

The only question presented is whether amounts which were paid to the petitioner in 1948 by certain persons under compulsion of section 16 (b) of the Securities Exchange Act of 1934 and section 30 (f) of the Investment Company Act of 1940, both printed in the margin, constitute income to the petitioner. The statutes in question were designed to curb the abuses of short term speculations in securities based on inside information or power to manipulate corporate policy. See S. Rept. No. 792, 73d Cong., 2d Sess. (1934), at pp. 7–9. *William F. Davis, Jr.,* 17 T. C. 549. Section 16 (b), *supra,* provides that any profits realized by corporate insiders from "any purchase and sale, or any sale and purchase, of any equity security * * * [of their own corporation] within any period of less than six months, * * * shall inure to and be recoverable by" the corporation.

The instant case presents the same issue as was involved in *Park & Tilford Distillers Corporation* v. *United States* (Ct. Cl.), 107 F. Supp. 941. The Court of Claims held that the "insider profits" were taxable income to the recipient corporation under the broad provisions of section 22 (a), I. R. C., as "gains or profits and income derived from any source whatever." The fact that the income represented nondeductible penalty payments to the payors was not deemed to militate against their taxability.

Petitioner in its brief argues that:

* * * the relevant fact is that a section 16 (b) recovery does not compensate the issuer for any impairment of capital or loss of profits; it does not result from any activity on the part of the issuer, but if not received by it as part of the subscription price for its stock, is a pure windfall, gratuitously received.

Petitioner argues further in its brief, as follows:

* * * In the present instance, however, as the respondent concedes, the Section 16 (b) recovery was not a restitution to make the issuer whole for a loss of corporate profits, or even of corporate capital; it was a pure windfall, measured by an objective measure of proof having no relationship to the actual profit of the fiduciary or to any loss by the corporation. It did not result from any action on the part of the corporation nor was it derived from corporate capital or the labor of corporate employees. If it were true that a Section 16

security) within any period of less than six months, unless such security was acquired in good faith in connection with a debt previously contracted, shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such beneficial owner, director, or officer in entering into such transaction of holding the security purchased or of not repurchasing the security sold for a period exceeding six months. Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; but no such suit shall be brought more than two years after the date such profit was realized. This subsection shall not be construed to cover any transaction where such beneficial owner was not such both at the time of the purchase and sale, or the sale and purchase, of the security involved, or any transaction or transactions which the Commission by rules and regulations may exempt as not comprehended within the purposes of this subsection.

(b) recovery amounts in effect to a payment "into the corporate treasury of profits which may * * * have been realized at the expense of the outside stockholders," it would nevertheless be a windfall or gratuitous contribution from the standpoint of the corporation.

It seems to us that the Court of Claims in the *Park & Tilford* case, *supra*, took into consideration much the same arguments as petitioner here uses and rejected them and held against the taxpayer there involved. We agree with the conclusion reached by the Court of Claims that the payments thus received were taxable income and decide the issue here involved against petitioner. The Court of Claims discussed the issue involved in a comprehensive manner and we feel it unnecessary to here repeat at any great length what the court there said.

We think it is appropriate, however, that we should say that our decisions in *Edward H. Clark*, 40 B. T. A. 333, and *Highland Farms Corporation*, 42 B. T. A. 1314, to which the Court of Claims referred in the concluding paragraph of its opinion are clearly distinguishable on their facts from the instant case. The *Clark* case was a case where in the taxable year the petitioner received a sum of money from his tax counsel as recompense for an error made by the latter in preparing and filing petitioner's 1932 return, the error having caused petitioner to pay more tax than he would have owed had the correct method been employed. Under such circumstances, we held that the compensatory payment was not includible in the taxpayer's gross income. In the *Highland Farms Corporation* case we held that damages against a bank mortgage awarded to a corporation for injuries resulting from a course of conduct pursued by the bank's president against the corporation was a restoration of lost capital and not taxable income. We also held in that case that punitive damages recovered by the taxpayer were not taxable income to it. We do not think that either of these cases is in conflict with our decision here.

Petitioner urges in its brief that our recent decision in *Glenshaw Glass Co.*, 18 T. C. 860, is apposite here. In that case we said:

The first issue is whether the sums received in settlement of the punitive damages claims constitute taxable income. It has long been established that punitive damages do not meet the test of taxable income set forth in *Eisner* v. *Macomber*, 252 U. S. 189, 193, as " '* * * the gain derived from capital, from labor, or from both combined', provided it be understood to include profit gained through a sale or conversion of capital assets * * *." *Central R. Co.* v. *Commissioner*, 79 F. 2d 697; *Highland Farms Corporation*, 42 B. T. A. 1314. This basic definition has been recently cited with complete approval in *Commissioner* v. *Culbertson*, 337 U. S. 733, 740, and has been adhered to by the respondent in his Regulations 111, section 29.22 (a)–1. Therefore, on the authority of those cases, we follow this rule of long standing that has never been questioned in any court and hold that the sums received in settlement of the punitive damages claims do not constitute taxable income.

The $170,038.04 here involved was not received by petitioner in payment of punitive damages. We do not think *Glenshaw Glass Co.*,

*supra*, which dealt with punitive damages paid to the taxpayer corporation is controlling here.

Petitioner here raises two alternative arguments that were not discussed in the *Park & Tilford* case, *supra*. Petitioner characterizes the amounts in question as a capital contribution, citing *Edwards* v. *Cuba R. R. Co.*, 268 U. S. 628, and *Brown Shoe Co.* v. *Commissioner*, 339 U. S. 583. However, since the corporation had unrestricted discretion to use the funds for any purpose whatsoever, *Texas & Pacific Railway Co.* v. *United States*, 286 U. S. 285, and received a windfall benefit by operation of a Federal statute, there is no capital contribution.

Petitioner also contends that the amounts paid in constituted additional payments on the original issuance price of the stock, citing no authority. We do not think that the facts which have been stipulated sustain petitioner in that contention.

It seems to us under the facts which have been stipulated, we must hold that the amounts here involved were not payments of part of the purchase price of petitioner's stock acquired by its Director and its Stockholder and cannot be so treated. We hold, therefore, that the sums in question are income to petitioner under section 22 (a), I. R. C.

Reviewed by the Court.

*Decision will be entered for the respondent.*

TIETJENS, *J.*, concurs in the result.
ARUNDELL, *J.*, dissents.

———

MURDOCK, *J.*, concurring: Section 16 (b) of the Securities Exchange Act of 1934 provided that "any profit realized" under circumstances like those here present "shall inure to and be recoverable by the issuer," that is, the corporation. Thus the profits here in question were income of the petitioner within the words and intention of section 22 (a) since they were "profits" either from "sales or dealings in property * * * growing out of the ownership of * * * or interest in such property" or "from any source whatsoever."

VAN FOSSAN and TURNER, *JJ.*, agree with this concurring opinion.