WILLIAM GOLDMAN THEATRES, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29450.   Promulgated January 9, 1953.

*Samuel H. Levy, Esq.*, and *Bernard Wolfman, Esq.*, for the petitioner.

*Jules I. Whitman, Esq.*, for the respondent.

638

## OPINION.

JOHNSON, *Judge:* Petitioner has reported as taxable income $125,000 of a total $375,000 judgment received upon the successful prosecution of an antitrust suit. The award was made under what is commonly known as section 4 of the Clayton Act (15 U. S. C. A. 15).[1]

Respondent maintains that the excess ($250,000) by which the award exceeds the actual damages ($125,000) constitutes taxable income under section 22 (a) of the Internal Revenue Code and the Sixteenth Amendment. Respondent also contends that the entire award in this case was for loss of profits and therefore the entire amount is taxable. Petitioner, in opposition, relies on the contention that the sum of $250,000 constitutes a penalty which is not income and therefore is not taxable.

Two questions must be answered before we ascertain the correctness of respondent's contention. First, we must determine for what purpose the $250,000 was awarded. Was it received in lieu of profits or capital gain, or was it received as a punitive award under the Clayton Act? Next, if the money were received as a punitive award, is it taxable income?

The district court did not specifically denominate this $250,000 as a particular type of damage; that court, however, did find as a fact that petitioner's damages from loss of profits amounted to $125,000 and under the statute (Clayton Act) it was entitled to threefold the damages sustained. This decision of the district court does not resolve the issue before us; therefore we must look elsewhere.

The words of the Clayton Act, "and shall recover threefold the damages by him sustained," do not in themselves answer our question; we have, therefore, gone into the legislative history of the Sherman Act (section 7, 26 Stat. 210), and the Clayton Act. We have found that even though Congress did not set forth in the statute the words "punitive" or "exemplary" in describing part of the threefold damages,

---

[1] § 15. Suits by persons injured ; amount of recovery.

Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee. Oct. 15, 1914, c. 323, § 4, 38 Stat. 731.

there can be no doubt that Congress intended part of the threefold damages to be compensatory and part to be punitive.[2]

The courts have also interpreted the award in antitrust suits to be composed of both punitive and compensatory damages. The court in *Clark Oil Co.* v. *Phillips Petroleum Co.*, 148 F. 2d 580, 582, said:

* * * The Sherman Act and the Clayton Act afford a cause of action for those suffering damages. In their provisions for damages they embody both punitive and compensatory damages but no recovery can be had unless a case for compensatory damages is made. In the event of compensatory damages, then automatically the punitive damages follow. * * *

Again, it was said in *Johnson* v. *Schlitz Brewing Co.*, 33 F. Supp. 176, 182, affd. 123 F. 2d 1016, that section 7 of the Sherman Act "was intended to be punitive in nature and deterrent in effect." Further, in *Bigelow* v. *RKO Radio Pictures, Inc.*, 150 F. 2d 877, 833, reversed on other grounds, 327 U. S. 251, it was said:

* * * The amount of this verdict [under 15 U. S. C. A. 15] was required by statute to be trebled by the judgment. In this respect neither the jury nor either court had any discretion. The verdict should represent actual damages sustained, and two-thirds of the judgment is a penalty which Congress has seen fit to impose in such cases upon a guilty defendant. * * *

In other instances the courts have been required to determine whether the threefold damages for antitrust violations were penal in the strict and primary sense in that they were redresses for injuries to the public rather than redresses for wrongs to individuals. In these cases the courts held that the treble damages are either exemplary damages or penalties. *United Copper Securities Co.* v. *Amalgamated Copper Co.*, 232 F. 574, 577; *City of Atlanta* v. *Chattanooga Foundry & Pipeworks*, 127 F. 23, 28, affd. 203 U. S. 390.

We have found no case which held that the excess over the actual damages, when the excess was severable from the actual damages, was anything but a penalty, punitive or exemplary damages. Cf. *Durkee* v. *Commissioner*, 181 F. 2d 189, affirming a Memorandum Opinion of this Court; *Durkee* v. *Commissioner*, 162 F. 2d 184, reversing 6 T. C. 773; *Mathey* v. *Commissioner*, 177 F. 2d 259, affirming 10 T. C. 1099. We shall not attempt to distinguish between punitive or exemplary damages. For our purposes they shall be considered the same. See 15A Words and Phrases 341. It is proper for us to conclude that the part of the award which represents loss of profits is compensatory in that it makes the injured petitioner whole. Likewise that part of the award in excess of compensation is punitive damages. Of the statutory threefold damages, we conclude that one part is compensatory and two parts are punitive; therefore the $250,000 was awarded as punitive damages.

---

[2] See Bills and Debates in Congress Relating to Trusts, 1903, S. Doc. No. 147, 57th Cong., 2d Sess.; The History of Bills and Resolutions, 51 Cong. Res. Index 160, H. R. 15657, 63d Cong., 2d Sess.

Following the determination that part of the award is a penalty, we must next ascertain whether it is taxable income. The question of whether penalties are taxable is not new or novel. In a recent decision involving a settlement under an antitrust suit, we held that those sums apportioned to penalties were not taxable as income. *Glenshaw Glass Co.*, 18 T. C. 860. In an earlier case, *Highland Farms Corporation*, 42 B. T. A. 1314, a jury awarded the taxpayer damages for slander of title to its property and for interference with its business, and in addition awarded a sum as exemplary damages. We held that the exemplary damages were not taxable income. On p. 1322 we said: "A penalty imposed by law does not meet the test of taxable income set forth in *Eisner* v. *Macomber*, 252 U. S. 189, as " 'the gain derived from capital, from labor, or from both combined,' provided it be understood to include profit gained through a sale or conversion of capital assets." See also, *Central R. Co. of New Jersey* v. *Commissioner*, 79 F. 2d 697, where it was held that a penalty imposed by law upon a faithless fiduciary was not taxable income.

Respondent would have us hold that these cited cases are no longer authority to be followed in holding that punitive damages are not taxable income. Respondent has cited a great many cases in support of his contention, but has failed to show that punitive damages are taxable as income. Until such time as the *Glenshaw Glass Co.*, the *Central R. Co.*, and the *Highland Farms* cases are overruled, or until Congress by legislation requires that punitive damages be taxable as income, we must follow the established decisions. We think that *General American Investors Co.*, 19 T. C. 581, is distinguished from our present case. In that case the taxpayer did not receive the money in payment of punitive damages, but pursuant to a statute which provided that certain profits realized by corporate insiders under circumstances there present should "inure to and be recoverable by" the corporation.

We conclude, therefore, that the petitioner shall be sustained as to the $250,000, but the other adjustments in the deficiency notice shall require a Rule 50 computation.

*Decision will be entered under Rule 50.*