OPINION. Opper, Judge: Unlike the situation in Glenshaw Glass Co., 18 T. C. 860, petitioner makes no contention that any part of the proceeds of the settlement of an antitrust suit represented return of capital, and is hence nontaxable. The evidence is clear that some part at least of the settlement was for loss of anticipated profits and other items taxable as ordinary income. Glenshaw Glass Co., supra. See William Goldman Theatres, Inc., 19 T. C. 637; Highland Farms Corporation, 42 B. T. A. 1314; cf. Raytheon Production Corporation, 1 T. C. 952, affd. (C. A. 1) 144 F. 2d 110, certiorari denied 323 U. S. 779. It is equally clear that petitioner’s entire cause of action was founded upon violations of the antitrust law. That in fact is the substance of respondent’s determination as stated in the deficiency notice. We cannot take seriously his suggestion that because the settlement involved a general release containing traditional language[1] any damages were recovered which were unrelated to the antitrust claim. But cf. Raytheon Production Corporation, supra. At least in that condition oí the record the burden of going forward was shifted to respondent and was not discharged. The real controversy is the extent if any to which the proceeds of the lump-sum settlement, no part of which was allocated by the parties to any specific ground for recovery, is nontaxable because it constitutes punitive damages under the treble damage provisions of the antitrust laws. Notwithstanding respondent’s painstaking and vigorous efforts we are not persuaded that such cases as William Goldman Theatres, Inc., supra; Glenshaw Glass Co., supra; Highland Farms Corporation, supra; and Central Railroad Co. of New Jersey, (C. A. 3) 79 F. 2d 697, were erroneously decided and should now be overruled. They are not distinguishable in principle from the present proceeding and reasonable stability of the body of the law makes it highly desirable that recognized judicial precedents be adhered to unless clearly wrong or altered by statute. Although the parties originally contemplated a settlement of $1,000,000 in addition to $206,851.24 representing attorneys’ fees, court costs, and expenses of litigation, the actual sum which both petitioner and respondent regard as in controversy is $1,043,360.11, consisting of an amount, in addition to the $1,000,000, which although received was not expended for costs. More accurately, as to this difference of $43,360.11 there is in fact no dispute. Petitioner states in its brief: “in offering a reasonable basis for allocation of the settlement proceeds, petitioner does not maintain that any portion of the $43,360.11 * * * is attributable to the punitive damage claims.”[2] (Emphasis added.) Following the principle of the Glenshaw Glass Co. case, it thus becomes necessary to decipher from the record a formula upon which we can be satisfied that an allocation of the settlement proceeds between actual and punitive damages may be made. From the evidence we have made the best allocation of which we think the record capable and used it as the basis of our ultimate finding of fact. It disposes of the issue. See Glenshaw Glass Co., supra; William Goldman Theatres, Inc., supra. Our finding on this point is based on the entire record including among other things the fact that Hartford, against which the charges of antitrust violation were made, apparently conceded actual damage claims of approximately $350,000; that one of petitioner’s officers testified that in demanding a settlement of $1,000,000 the negotiators for petitioner used an initial figure of $350,000 which they roughly trebled in reaching the $1,000,000 demand ;[3] and the automatic nature of treble damages which would have been awarded had petitioner successfully maintained its claim of actual damages in approximately the amounts stated. See Clark Oil Co. v. Phillips Petroleum Co., (C. A. 8) 148 F. 2d 580, 582; Bigelow v. RKO Radio Pictures, Inc., (C. A. 7) 150 F. 2d 877, 883, reversed other grounds, 327 U. S. 251. And since petitioner has conceded taxability of the $43,000 figure this has been added to our allocation of the lump-sum settlement. To the extent indicated we view the deficiency as erroneous. Decision will be entered under Rule 50. E. g., “* * * all claims * * * whatsoever in law or in equity, which against Releases It or its predecessors ever had, now has, or which it * * * can, shall or may have * * * from the beginning of the world to the date of these presents * * There has been no determination and apparently there is no contention by respondent that some part of the expenses of litigation (the $162,991.13) is nondeductible or includible in income because related to nontaxable items of income. We accordingly find it unnecessary to consider the principle involved in the following language in Glenshaw Glass Co., supra, p. 872: “The parties .* * * further agreed that the fees allocated to the claims that gave rise to taxable Income are deductible as an ordinary and necessary business expense, and that the fees allocated to the claims that did not give rise to taxable income are not deductible." The total settlement in Glenshaw Glass Co., supra, was not trebled on a one-third-two-thirds basis because some part of the damage claims was conceded to be outside the anti-trust recovery. In this respect they correspond roughly to our unspent cost figure of $43,360.11.