## MATHEY v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4407.

United States Court of Appeals
First Circuit.

Oct. 19, 1949.

Rehearing Denied Dec. 12, 1949.

Samuel S. Dennis, 3d, Boston, Mass. (Edward J. Keelan, Jr., Joseph N. Welch, James D. St. Clair and Hale & Dorr, all of Boston, Mass., on brief), for petitioner.

Irving I. Axelrad, Special Assistant to the Attorney General (Theron Lamar Caudle, Assistant Attorney General, and Ellis N. Slack and Lee A. Jackson, Special Assistants to the Attorney General, on brief), for respondent.

Before MAGRUDER, Chief Judge, WOODBURY, Circuit Judge and CONNOR, District Judge.

WOODBURY, Circuit Judge.

The basic question presented by this petition for review of a decision of the Tax Court of the United States is whether the entire net amount awarded to the taxpayer in a suit for patent infringement constituted taxable income to him in the year of realization, as the Commissioner contends, or a non-taxable return of capital, as the taxpayer contends.

Following the decision of United States v. Safety Car Heating & Lighting Co., 297 U.S. 88, 56 S.Ct. 353, 80 L.Ed. 500, the general rule adopted by several Courts of Appeals, including this one, apparently without a dissenting voice, is that whether the net proceeds of litigation are taxable to the recipient as income, or constitute a non-taxable return of capital, depends upon the object for which the suit was brought. If it was brought to recover lost profits, the proceeds are taxable as income; if it was brought to recover for loss or damage

to capital, the proceeds are non-taxable. As this court said, citing the authorities, in Raytheon Production Corp. v. Commissioner, 1 Cir., 144 F.2d 110, 113, certiorari denied 323 U.S. 779, 65 S.Ct. 192, 89 L.Ed. 622, "The test is not whether the action was one in tort or contract but rather the question to be asked is 'In lieu of what were the damages awarded?'". See also Durkee v. Commissioner, 6 Cir., 162 F.2d 184, 186, 173 A.L.R. 553, wherein, speaking of the taxability as income of a sum paid in settlement of litigation, the court said: "It is settled that since profits from business are taxable, a sum received in settlement of litigation based upon a loss of profits is likewise taxable; but where the settlement represents damages for lost capital rather than for lost profits the money received is a return of capital and not taxable."

Therefore to answer the question presented we must turn to the patent litigation in which the taxpayer was involved.

The taxpayer is a citizen of Massachusetts who during the pertinent years was on the cash-calendar year basis filing individual income tax returns with the collector of internal revenue for the district of Massachusetts. In 1931, while doing business individually as Hamlin Machine Co., he obtained a patent for a shoe machine, and later in that year gave formal notice of infringement thereof to United Shoe Machinery Corporation. In 1937 he brought suit for infringement against the latter alleging in his complaint that but for the infringement asserted he would have been "in receipt of large gains and profits", and that United Shoe Machinery Corporation had derived "great gains and profits" from its infringement. For relief he asked that United be perpetually enjoined from further infringement, that it be ordered to pay over both the profits it had made from its infringement and also the damages which the plaintiff had suffered therefrom, and that a master be appointed "to take and state an account of said profits and to assess said damages."

After hearing the district court entered judgment for the plaintiff on three of the four patent claims in issue pursuant to its memorandum opinion reported in Mathey v. United Shoe Machinery Corp., D.C., 32 F.Supp. 684, and on appeal this court affirmed, except as to an item of cost. 1 Cir., 117 F.2d 331. Thereupon the court below entered a judgment on the mandate of this court awarding the plaintiff the relief for which he had asked in his complaint, and on the same date appointed a master "to take and state the amount of the damages which plaintiff has sustained, and of the gains and profits which defendant has made" by reason of its infringement of the three claims held valid.

At the hearings before the master the plaintiff abandoned his claim for profits, choosing to press only his claim for damages, which the master found amounted, with interest, to over seventy thousand dollars. To this amount the master added interest on certain items of the plaintiff's damages from a date prior to the liquidation of those damages because of "special circumstances"—those being that the defendant's infringement had been deliberate and premeditated, and that, for the purpose of destroying the plaintiff as a competitor, it had pursued a pricing policy with respect to its infringing machines which it knew would be ruinous to the plaintiff whose business was small and whose financial position was weak.

Moreover the master said at the end of his report that "The recovery allowed on the several elements of Plaintiff's 'Principal Claim' represents what has been proved to my satisfaction. As it does not represent the entire damage occasioned by Defendant's infringement and because of the 'Special Circumstances' I recommend to the Court that Plaintiff's damages be increased." And then, in conclusion the master stated: "In accordance with the order of reference, I find that Plaintiff has sustained provable damages in the amount of $63,355.00 and is also entitled to recover profits made by Defendant in the amount of $688.89. With interest on the recoveries as reported, totalling $8,118.36, the total recovery to which Plaintiff is entitled on the facts herein reported is $72,162.25. In addition, I recommend the allowance of interest on reasonable royalty recovery and for recoveries based on lost profits from

lost installation fees in the sum of $15,266.-70, with any other factor or multiple of items found which to the Court should seem fitting in its discretion as provided by law to make the recovery by Plaintiff more nearly adequate to compensate him for the damage to his business under his patent."

The district court confirmed the master's report in all essential respects and adopted his recommendation that because of the "special circumstances" already adverted to interest should be allowed to run on certain elements of the plaintiff's damages even from a date prior to their liquidation. In addition the district court adopted the master's recommendation that the plaintiff's award be increased because the defendant's infringement had been conscious and deliberate saying in its memorandum of decision, Mathey v. United Shoe Machinery Corp., 54 F.Supp. 694, 702:

"As has been outlined above, this court finds the defendant did not act in good faith with respect to the infringement here. The infringement was deliberate. Enough subsidiary facts appear in the master's report and are outlined in this opinion to support this ultimate finding. However, with respect to an increase in damages, I agree with Judge Brewster of this court in increasing damages where there was a deliberate infringement. That distinguished jurist, long the senior member of this court, stated in Muther v. United Shoe Machinery Corp., supra, 21 F.2d [773], 780: * 'While doubtless one of the purposes of the statute was to deter acts of infringement * * *, yet I do not conceive it to be the intent of the law to unjustly enrich the injured party at the expense of the wrongdoer.' However, I believe full justice should be done to the plaintiff, the party wronged. The plaintiff has incurred considerable expense. There is little doubt that all the elements of damage done to the plaintiff are not included in the award made. On due reflection and looking at the whole situation objectively, I believe if the award is increased fifty per cent, it will be adequate."

A judgment for the plaintiff was thereupon entered, and United, taking no appeal, paid that judgment in full in April, 1944. It consisted of the following items:

| | | |
|---|---|---|
| (a) | Damages for patent infringement | $ 63,355.00 |
| (b) | Interest on item (a) | 28,020.54 |
| (c) | Increase in award | 45,687.77 |
| (d) | Loss of profit on foreign sales | 688.89 |
| (e) | Amount of judgment | 137,752.20 |
| (f) | Interest on judgment to date of payment | 609.72 |
| (g) | Total | $138,361.92 |

The taxpayer in his income tax return for the calendar year 1944 included with respect to the proceeds of his suit for patent infringement only the amount awarded for loss of profits on foreign sales ($688.-89), apparently on the ground, inter alia, that all the other items included in the judgment were awarded for injury "to my financial standing, credit reputation, good will, capital and other elements in my business."[1] The Commissioner disagreed. In determining a deficiency in income tax in the amount of $80,746.77 for the year in question he allowed the taxpayer a deduction for litigation fees and expenses of $30,536.63 and included the balance of the judgment ($107,825.29) in the taxpayer's gross income for 1944, giving as an explanation for his action that "It is the opinion of this office the award appears to be entirely for profits, royalties, and interest." The Tax Court agreed with the Commissioner and entered its decision accordingly. 10 T.C. 1099.

" 'In patent nomenclature what the infringer makes is "profits," what the owner of the patent loses by such infringement is "damages." ' " Duplate Corp. v.

---

* D.C., 21 F.2d 773.

1. Quoted as the taxpayer's position in Schedule 5-A, Explanation of Adjustments, of the Commissioner's Statement accompanying his determination of deficiency.

Triplex Safety Glass Co., 298 U.S. 448, 451, 56 S.Ct. 792, 793, 80 L.Ed. 1274, quoting Diamond Stone-Sawing Machine Co. of New York v. Brown, 2 Cir., 166 F. 306. And usually, although not always, what a patent owner loses from infringement is the acquisition of "a just and deserved gain" from the exploitation of the invention embodied in his patent. 3 Walker on Patents (Deller's Ed.) § 821. Therefore an award of damages in patent litigation is ordinarily an award of compensation for gains or profits lost by the patent owner and hence is taxable to him as income in the year received. Cf. United States v. Safety Car Heating & Lighting Co. supra; Commissioner of Internal Revenue v. S. A. Woods Mach. Co., 1 Cir., 57 F.2d 635.

But the plaintiff contends that this is not the ordinary case. Emphasizing the damage done to his business by United's infringement and the conclusion of the master confirmed by the district court that its infringement was deliberately undertaken for the purpose of destroying him as a competitor, he contends that the award made in the patent litigation was to compensate him for damage to his capital and that his lost profits and lost reasonable royalties were used only as a measure of that damage. He says that the distinction to be observed is between the *purpose* for which the damages were awarded in the patent litigation and the *measure* of those damages—a distinction which he asserts the Tax Court failed to perceive.

Unfortunately for the taxpayer his contention is not supported by the record in the patent litigation. In the first place the taxpayer in his complaint in the patent infringement suit did not allege any loss or damage to capital. On the contrary, as we have pointed out, he alleged that he would have been in receipt of large "gains and profits" but for the infringement, and for relief asked for an injunction against future infringement and that the infringer be ordered to pay over its profits from the infringement and the plaintiff's damages resulting therefrom. Hence it seems to us clear from an examination of the complaint that the "damages" which the plaintiff

sought therein were not damages for loss or injury to capital but compensation for the profits he would have made absent the infringement complained of, and as the court said in Durkee v. Commissioner, supra, quoting from Farmers' & Merchants' Bank of Catlettsburg, Ky., v. Commissioner, 6 Cir., 59 F.2d 912, 913, "The fund involved must be considered in the light of the claim from which it was realized and which is reflected in the petition filed." Then in the second place it does not appear from the master's report that he took any evidence of damage to the plaintiff's capital assets or made any award for loss thereto. On the contrary the master's report clearly indicates that his award was wholly to compensate the taxpayer for unrealized profits from exploitation of the patented invention.

It may be that United competed unfairly with the plaintiff and thereby inflicted damage to his capital. But it seems to us clear that the damages which the taxpayer sought and which the master awarded were not for loss or injury to capital but as compensation for profits or gains which the taxpayer would have enjoyed but for United's infringement.

To be sure the master recommended that his award be increased to make the taxpayer's recovery "more nearly adequate to compensate him for the damage to his business under his patent" and that the district court, following this recommendation, increased the award by over forty-five thousand dollars. But this does not establish the taxpayer's contention that the entire award was intended as compensation for the intentional harm inflicted upon his business measured by his lost profits, or even that the amount by which the master's award was increased by the district court was designed to compensate for capital losses. The phrase "damage to his business" might in some contexts be used to describe damage to capital structure, but we do not think the master used it in that sense in his report. There is not the slightest reason to suppose that the master had tax consequences in mind when he used the phrase, and to construe it as the

taxpayer urges would give it a construction at variance with the rest of the master's report. In the light of the entire report it seems to us that when the master used the phrase "damage to his business under his patent" he meant damage to the business the taxpayer would have done in the exploitation of his patent, i. e., the profits he would have made under it, absent the infringement. And the excerpt from the district court's memorandum of decision shows that it increased the award not as a penalty, but, under the remedial provisions of 35 U.S.C.A. §§ 67, 70, to do full justice to the taxpayer by adequately recompensing him for the lost profits he had sustained but was unable to prove categorically because of the "special circumstances" of the case.

 The taxpayer further contends that even though the net proceeds of his patent litigation constituted income, the heavy losses he suffered from United's infringement in years prior to 1944, from which he received no tax benefit, entitle him to invoke the so called "tax benefit rule" of Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 249, 88 L.Ed. 248, now embodied in § 22(b) (12) of the Internal Revenue Code as added by § 116(a) of the Revenue Act of 1942, 26 U.S.C.A. § 22(b) (12). The short, but not the only, answer to this contention is that under the rule contended for an amount recovered can be excluded from gross income in the year of recovery only when the amount involved was deducted in some prior year and when the deduction thereof did not result in a reduction of tax liability in that year. And the taxpayer has wholly failed to show that he took any tax deduction in years prior to 1944 on account of United's infringement, to say nothing of showing that such deduction resulted in no tax benefit to him.

The taxpayer now concedes that he cannot qualify for relief under the provisions of § 107(b) of the Internal Revenue Code, 26 U.S.C.A. § 107(b), since he cannot show the necessary facts with respect to his income from his invention.

His other contentions have been considered but we think are fully answered in the opinion of the court below.

The decision of the Tax Court is affirmed.