OPINION. Hill, Judge: On December 6, 1944, the estate of Norman S. Gold-berger, plan tiff in a lawsuit against Bauer, Pogue & Co. Inc., et al., received a check for $108,453.59 in satisfaction of a judgment rendered against the defendant corporation. The respondent determined, as reflected in notices of deficiency and his amended answers, that the estate thereby received gross income in 1944 against which it was entitled to deduct certain costs of litigation and amounts currently distributable to the beneficiary under Goldberger’s will. The petitioners contend that the excess of the proceeds of the judgment over allowable expenses constitutes corpus of the estate. They further contend that the principal amount of $60,163.73 was joint venture income earned in 1933 and therefore taxable in that year under the provisions of the Revenue Act of 1932, sections 182 (a) and 1111 (a) (3), providing in general that income of partnerships and joint ventures is taxable to the partners or coadventurers in the year earned whether distributed or not. The proposition that proceeds recovered by litigation are income in the year actually received if they would have been income in the earlier year out of which the litigation arose would seem to be a well settled principle of law. North American Oil Consolidated v. Burnet, 286 U. S. 417. The principle has been applied in various cases involving widely divergent factual situations, e. g., United States v. Safety Car Heating & Lighting Co., 297 U. S. 88; Swastika Oil & Gas Co. v. Commissioner, 123 F. 2d 382, certiorari denied 317 U. S. 639. The taxability of the proceeds of a lawsuit depends upon the nature of the claim and the actual basis of the recovery in the suit. See Nicholas W. Mathey, 10 T. C. 1099, 1107, affd. 177 F. 2d 259, certiorari denied 339 U. S. 943. In the instant case the petitioners admitted that the estate was compensated for wrongfully withheld profits, and where the taxpayer is compensated for lost profits, the amount of the recovery is income. We think the purpose of sections 182 (a) and 1111 (a) (3) of the Revenue Act of 1932 was to prevent the arbitrary shifting of income by members of a partnership and/or a joint venture from year to year so as to obtain unmerited tax benefits. The $60,163.73 is held to be income to the estate of Norman S. Goldberger in 1944 for the reason that until that time the estate had no uncontested right to receive these wrongfully withheld profits. The recovery was the product of the decree rendered by a court. Until the decree the estate had no established or uncontroverted right to the funds, did not receive them, and could not have reported them as income in prior years. Swastika Oil & Gas Co. v. Commissioner, supra. On final settlement of its claim against Bauer, Pogue & Co. Inc., et al., the estate was allowed interest in the sum of $43,165.61 on the principal amount of recovery. Section 22 (a) of the Internal Revenue Code, which defines gross income, includes in that definition “gains, profits and income derived from * * * interest.” Thus, the sum of $36,419.09, representing interest from 1933 through 1943, and the sum of $6,746.52, representing interest during the appeal period, constituted interest income to the estate of Norman S. Goldberger. The petitioners, relying upon section 42 of the Revenue Act of 1934, the law in effect at Norman S. Goldberger’s death, would have us separate the amount of interest recovered into interest accrued on the principal amount of the recovery from 1933 to March 3, 1936, and from 1936 to date of the final judgment. Thus, say the petitioners, $8,834.07 represents interest accruable as of the date of the decedent’s death, and required by section 42 of the Revenue Act of 1934 to be included in the last return of the decedent and hence barred by the statute of limitations long since. Until the final determination made by the court in 1944, the estate of Norman S. Goldberger had no uncon-troverted or unconditioned right to interest. Goldberger’s death could not serve to accrue a right, the existence of which was not finally determined until 8 years later. See Ralph E. Hedges, 18 T. C. 681. The executrix was required by the District Court’s decree to return to the defendants, Bauer, Pogue & Co., Inc., et al., 12,063% shares of Fidelio Brewery, Inc., stock simultaneously with the receipt of the judgment award. This was so because the object of the decree was to place the parties in the status quo as it would have existed in 1933 had it not been for the fraud of the venturer Bauer, Pogue & Co. Inc. It was necessary for the estate to purchase these shares on the open market at a cost of $14,428.20. The respondent contends that this transaction resulted in the shares being constructively optioned pursuant to the terms of the 1933 agreement at $3 per share, or $36,190.50. Thus, reasons the respondent, the estate realized a short term gain from a sale or exchange within the meaning of section 117 (b) of the Internal Revenue Code (before amendment by the Revenue Act of 1951) of $21,762.30, against which the respondent would allow an allocation of the expenses of litigation of $15,866.99, leaving a net of $5,895.31 as the actual short term capital gain realized. Respondent contends that this net capital gain is taxable to the estate in 1944 even though actually distributed to the beneficiary, since section 162 (c) of the Code provided a deduction to the estate only for income which is “properly paid or credited” to the beneficiary during the year, and relies upon Simon v. Hoey, 88 F. Supp. 754, affd. per curiam 180 F. 2d 354, certiorari denied 339 U. S. 966. It is not necessary for us to consider the respondent’s position with respect to section 162 (c) of the Code for the facts do not support his position with respect to the realization of a short term capital gain. The petitioners did not sell or exchange the shares of stock in question for the judgment. The transaction was not of a capital nature in any respect. When the shares of stock were returned they were returned in compliance with a condition precedent laid down in the District Court’s decree to petitioners’ right to recover the profits wrongfully withheld by the defendants and the interest due upon that sum. The petitioners’ argument that the gross amount of the recovery must be allocated between corpus and income in the estate of Norman S. Goldberger must go the way of the respondent’s arguments relating to the existence of a capital gain. The FIFTH clause of Goldberger’s will directed the trustees to pay over to the individual petitioner herein any income derived from the trust estate up to the sum of $50,000, as well as all income in excess of $60,000 in each year. We have seen that the recovery constituted income to the estate in 1944; therefore, it follows that the net of $43,165.61 ultimately received by Adele Troun-stine qualifies as income distributable in 1944 under the will of her deceased husband, Norman S. Goldberger. We hold that the estate of Norman S. Goldberger received gross income of $108,453.59 in its taxable year 1944, against which it was entitled to deduct expenses of the litigation in the amount of $64,855.02 and the sum of $43,598.57 as income currently distributable and hence taxable to the beneficiary, petitioner Adele Trounstine, in that year under the provisions of section 162 of the Internal Revenue Code. As to the respondent’s argument relating to the 25 per cent penalty determined against the estate for failure to file, this issue is now moot as a result of our determination of no deficiency against the estate of Norman S. Goldberger. Reviewed by the Court. Decisions will be entered under Rule 60.