SAGER GLOVE CORPORATION, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 13776.

United States Court of Appeals Seventh Circuit.

Dec. 17, 1962.

Llewellyn A. Luce, Washington, D. C., Warren Roberts, Wilmington, Del., for petitioner.

Louis F. Oberdorfer, Asst. Atty. Gen., Arthur I. Gould, Atty. Tax Division, Lee A. Jackson, David O. Walter, Morton K. Rothschild, Attys. Dept. of Justice, Washington, D. C., for respondent.

Before SCHNACKENBERG, KILEY and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This is an appeal from a decision of the Tax Court, 36 T.C. 1173 (1961), sustaining a deficiency assessment against petitioner in the amount of $167,735.33 for the taxable year 1951.

The facts are set out at length in the Tax Court opinion and will not be repeated here. In summary, petitioner instituted suit under the federal antitrust laws against certain optical companies. The amended complaint in that suit listed nine different elements of damages including three recitals of loss of profits stemming from the wrongful acts alleged. The jury returned a verdict for petitioner in the amount of $325,000, and the court awarded triple this amount together with costs and charges, and attorneys' fees of $132,000. A motion for a new trial was granted, but the parties compromised their differences out of court—the petitioner receiving $478,142 in settlement, of which $132,000 was designated as attorneys' fees. No mention was made as to the proper alloca-

tion of the remainder. In its tax return for 1951 the petitioner reported one-third of $478,142, or $159,380, as ordinary income; it reported the balance, $318,762, as nontaxable income with the explanation that it represented punitive damages awarded in the antitrust suit.

In 1955, the United States Supreme Court ruled that the punitive two-thirds portion of a treble-damage antitrust recovery constituted taxable income under Section 22(a) of the Internal Revenue Code of 1939. Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 75 S.Ct. 473, 99 L.Ed. 483. This ruling destroyed the basis for petitioner's claims in its 1951 return. In the instant Tax Court proceeding the petitioner took the position that, except for the $132,000 attorneys' fees included in the settlement, the remainder, or $346,142, consists of nontaxable return of capital.

The Commissioner concluded and the Tax Court agreed that the $346,142 remaining after deducting attorneys' fees constitutes reimbursement for lost profits. If this determination as to the nature of the recovery is sound, the Commissioner's conclusion that it is taxable income is correct. Carter's Estate v. Commissioner, 298 F.2d 192 (8th Cir.1962), cert. denied, 370 U.S. 910, 82 S.Ct. 1257, 8 L.Ed.2d 404 (1962). The Commissioner's determination has the support of a presumption of correctness and the taxpayer has the burden of proving it to be wrong. Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 (1933). A mere allegation of damages to "good will" does not meet that burden. Carter's Estate v. Commissioner, supra.

The Tax Court considered all the evidence presented to it. It noted particularly the fact that the settlement amount, after deducting attorneys' fees, was within $10.00 of the amount that Sager, petitioner's president, had claimed in the antitrust proceeding to be lost profits for the period January 1, 1936, through December 31, 1943.[1] It also considered Sager's testimony in the instant case that the petitioner had invested some $50,000 in the destroyed business and that it valued the patronage and goodwill lost at $500,000. The Commissioner was not required to accept these estimates, made in a self-serving context, as conclusive of the issue. Furthermore, he was not required to give undue weight to the many allegations in the antitrust complaint regarding injury to business and goodwill when the evidence supports rather pointedly a reimbursement-for-lost-profits determination.

In order to carry its burden of proof, petitioner must do more than merely claim alternative designations for what it recovered—it must prove a designation so that some orderly tax treatment may be accorded it. The evidence adduced by petitioner is wanting in this respect. A conclusion made by taxpayer that the settlement payment was for destroyed capital or that goodwill was worth $500,000, or that $50,000 was invested in the business, is not that degree of proof necessary to overcome the presumptive correctness of the Commission-

1. Excerpts from testimony of Mr. Samuel N. Sager on direct examination in the antitrust suit of Sager Glove Corporation v. Bausch & Lomb Optical Co. and American Optical Company, Civil Action No. 2221.

"Q. What is your estimated total gross profits on the goggles and lenses?
"A. The total amount?
"Q. The total gross.
"A. $531,338.
"Q. What was the total selling and administrative expense that you took off of that?

"A. $185,206.
      *      *      *      *      *
"Q. Did you deduct that from your estimated total of gross for the years 1936 to 1943?
"A. Yes.
"Q. Did that give you the estimated totals of net profit for the years 1936 through 1943?
"A. Yes.
"Q. What is that figure?
"A. $346,132.
"Q. For the eight year period?
"A. Yes, sir."

er's determination as a matter of law. Particularly is this so in view of the substantial evidence that supports the Commissioner's finding that only lost profits were accounted for in the settlement.

Petitioner relies heavily on the decision in Farmers' & Merchants Bank v. Commissioner, 59 F.2d 912 (6th Cir., 1932), reversing 20 B.T.A. 622. In that case the petitioner had compromised a suit against the Federal Reserve Bank of Cleveland and had listed the settlement amount, after deducting expenses, as nontaxable income. The Court of Appeals for the Sixth Circuit reversed the decision of the Board of Tax Appeals that had held the settlement proceeds to be taxable as reimbursement for lost earnings. In reversing the Court said:

> "The fund involved must be considered in the light of the claim from which it was realized and which is reflected in the petition filed in its action against the Reserve Bank. We find nothing therein to indicate, with the certainty required in the statement of a cause of action, that petitioner sought reparation for profits which petitioner's misconduct prevented it from earning in 1925. Charles E. Rous, petitioner's cashier, testified before the Board that the loss of such earnings *could not be definitely determined and this probably furnishes the explanation for the failure definitely to demand it.*" (Emphasis supplied.)

In its amended complaint in the antitrust proceeding, petitioner claimed damages for loss of profits in recitals (g), (h), and (i). As already mentioned, testimony of petitioner's president in that action showed lost profits of $346,-132 for the eight-year period in question. This sum plus attorneys' fees closely approximated the settlement amount. Obviously these facts clearly distinguish this case from that cited by petitioner.

We are satisfied that the Tax Court's determination is based on substantial evidence. The Tax Court applied correct principles of tax law and therefore its decision is affirmed.