*Decision will be entered under Rule 50.*

BIG FOUR INDUSTRIES, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 94780.    Filed September 30, 1963.

*John J. Kelley, Jr.,* for the petitioner.
*Henry T. Nicholas,* for the respondent.

#### OPINION

RAUM, *Judge:* Respondent determined a deficiency in the income tax of petitioner in the amount of $168,424.36 for the calendar year 1959. All of the facts have been stipulated.

The sole issue is whether the respondent erred in determining that the entire amount of damages received by petitioner in a patent infringement suit was taxable as ordinary income.

Petitioner, an Ohio corporation with principal office in Mainville, Ohio, is engaged primarily in the business of manufacturing and selling tire-changing equipment. It is on an accrual basis and filed its Federal income tax return for 1959 with the district director of internal revenue, Cincinnati, Ohio.

On August 17, 1951, petitioner and Robert D. Henderson entered into an agreement whereby petitioner was given the exclusive right to manufacture, lease, and sell certain tire mounting and dismounting devices to which Henderson held letters patent or applications for letters patent. The agreement further provided that the parties would share equally the proceeds of any award received as a result of an infringement of the patents and share equally any expenses incurred in any suit for patent infringement.

On October 17, 1952, petitioner and Henderson were sued for patent infringement by Coats, Loaders & Stackers, Inc. (hereinafter referred to as Coats), in the U.S. District Court for the Southern District of Ohio, Western Division. Coats was then engaged in the manufacture and sale of mechanical tire removers similar to those being manufactured by petitioner.

On November 10, 1952, petitioner and Henderson filed an answer and counterclaim, in which they denied any patent infringement and alleged that Henderson was the owner of a certain patent for "Axially Compressing Type Tire Dismounting Apparatus," that petitioner was the exclusive licensee under that patent, that Coats in infringement of this patent had offered for sale and sold tire-dismounting apparatus, and that, after being notified of the infringement, Coats failed and refused to discontinue it to the great damage of petitioner and Henderson. Their prayer for relief read as follows:

WHEREFORE, defendants pray for preliminary and final injunctions against further infringement by plaintiff, for damages and/or reasonable royalty for plaintiff's manufacture and sale of tire dismounting apparatus in infringement of the aforesaid patent, for an assessment of costs and interest against plaintiff, for defendants' attorneys' fees, and for such other and further relief as the Court may consider proper in the premises.

On November 17, 1954, the District Court dismissed the complaint of Coats and sustained the counterclaim of petitioner and Henderson. Its interlocutory decree entered on that date provided, in part, as follows:

(6) That the Defendants, Robert D. Henderson and Big Four Industries, Inc. recover from the Plaintiff damages adequate to compensate them for the infringement of the aforesaid Letters Patent, but in no event less than a reasonable royalty for the use made of the invention by the infringer together with interest and costs.

(7) That the aforesaid accounting for damages shall be in accordance with the further orders of this court.

On May 17, 1956, the U.S. Court of Appeals for the Sixth Circuit affirmed the decision of the District Court, 233 F. 2d 915, and, after denying a motion for rehearing, issued its mandate on June 28, 1956.

On October 19, 1956, the District Court appointed Stanley A. Hittner as master commissioner in chancery to receive evidence and other testimony for the purpose of arriving at damages adequate to compensate petitioner for the injury caused by the infringement.

In the hearings before the master petitioner asserted that the net income of Coats derived as a result of the infringement in the amount of $1,715,397.07 should be the measure of damages for the infringement. Coats contended that the measure of damages should be limited to a reasonable royalty, stated to be in the amount of $112,930.05. The master in his report filed October 24, 1958, noted that petitioner's operation was not as efficient as Coats', and recommended compensatory damages be awarded in the amount of $876,107, based on the loss of profits of petitioner as a result of the infringement.

In his report the master stated that petitioner and Henderson requested that the damages be trebled on account of deliberate and willful infringement by Coats, and he noted therein certain acts of willfulness on the part of Coats which could form the basis for in-

creased compensatory damages, or punitive damages. They included three "feeble" attempts by Coats to change the design of the infringing unit so as to circumvent the inventive principle set forth in the Henderson patent, continued manufacture and sale of the infringing unit after being notified by Henderson that the changes did not overcome Henderson's claims to priority, and the adoption of a plan of action to give the trade the impression that Coats was the owner of the patent and that petitioner and Henderson were wrongdoers. The report contained the following statement with respect to punitive damages:

The assertion of punitive damages is a matter entirely at the discretion of Your Honor as provided for by U.S. Code Title 35 section 284—subsections #33 and #49.

I recommend that in this regard you give consideration to attorney fees and court costs.

The District Court on December 29, 1958, filed its "Findings of Fact and Conclusions of Law in Accounting Matter" which provided, in part, as follows:

5. Plaintiffs have raised certain objections to the Master's report to which the Court has given full and thorough consideration and in the light of Section 284, Title 35 U.S.C., which gives the Court the right to increase damages up to three times the amount found or assessed, the Court, in order to arrive at an equitable solution and to avoid penalizing plaintiffs, but in an effort to compensate defendant in some measure for damages to the corporate capital structure of Big Four Industries, Inc., and to likewise compensate defendant, in some measure for damages to good will of Big Four Industries, Inc., determines that defendants are entitled to an overall total judgment in the sum of $1,200,-000.00. The increase in the award shall not be considered in any way as punitive damages.

6. In all respects the Court adopts and approves the findings of the Master, which findings are based in their entirety upon facts and not upon assumptions or conjectures.

7. The Court approves and adopts the findings of the Master Commissioner, and based thereon finds that the plaintiffs are entitled to recover the sum of $1,200,000.00 which includes in said total sum the following:

(a) The fee of Stanley A. Hittner as Master Commissioner Thirty Thousand ($30,000.00) Dollars which defendants shall pay to said master.

(b) Attorneys fees in the sum of One Hundred and Fifty Thousand ($150,000.00) Dollars.

(c) Defendants expenditures as accountants fees in the sum of Seven Thousand Five Hundred ($7,500.00) Dollars.

(d) All amounts due or paid to Robert Crawford by Defendants as court reporter.

(e) All costs and every other claim of every kind and description which might be due defendants and which is in any way pertinent to this accounting proceeding.

(f) The above includes interest to date, and no interest shall be assessed up to March 1, 1959.

8. Although the Court has otherwise approved and adopted the Report of the Master Commissioner filed herein on October 24, 1958, the Court specifically

rejects all observations and inferences of the Master regarding the conduct of plaintiffs' patent counsel, Mr. Rudolph Lowell, contained on pages 21–27 in Section B entitled "Regarding Willfulness"; and the Court finds that none of the activities of plaintiffs' counsel, Rudolph Lowell, was willful or done in bad faith.

9. This is an exceptional case within the meaning of 35 U.S.C. 295, and the Court finds that an award in the amount of $150,000.00 toward the attorney fees of the attorneys for defendants is reasonable and proper.

10. The reasonable value of the services performed by the Master herein is $30,000.00.

The District Court on December 29, 1958, filed its final judgment which provided, in part, as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. That the defendants, Robert D. Henderson and Big Four Industries, Inc., recover from the plaintiffs as damages the total sum of One Million Two Hundred Thousand ($1,200,000.00) Dollars which includes in said total sum the payment of the following items:

(a) The fee of Stanley A. Hittner as Master Commissioner Thirty Thousand ($30,000.00) Dollars which defendants shall pay to said master.

(b) Attorneys fees in the sum of One Hundred and Fifty Thousand ($150,000.00) Dollars.

(c) Defendants expenditures as accountants fees in the sum of Seven Thousand Five Hundred ($7,500.00) Dollars.

(d) All amounts due or paid to Robert Crawford by Defendants as court reporter.

(e) All costs and every other claim of every kind and description which might be due defendants and which is in any way pertinent to this accounting proceeding.

(f) The above includes interest to date, and no interest shall be assessed up to March 1, 1959.

One of the parties in the action noted an appeal and the other filed a motion for rehearing, both of which actions were dismissed in 1959.

Pursuant to their agreement, petitioner paid Henderson one-half of the $1,200,000 award, or $600,000. Petitioner and Henderson split the costs of the infringement action.

Petitioner's one-half share of the court reporter's fees amounted to $3,912.30.

Petitioner's one-half share of the expenses of the infringement action which included attorneys' fees, master's fees, accountants' fees, and court reporter's fees were deducted by petitioner in arriving at income. Of the total expenses incurred by petitioner, the following amounts were accrued as expenses in the year 1959:

| | |
|---|---:|
| Wood, Herron and Evans—Attorneys' fees | $41,672.70 |
| J. Warren Kinney—Attorneys' fees | 31,937.50 |
| Stanley A. Hittner—Master commissioner | 15,000.00 |
| C. J. Keller & Co.—Accountants' fees | 1,380.00 |
| Total | 89,990.20 |

The award of $1,200,000 was reflected on an attachment to petitioner's 1959 income tax return as follows:

| | |
|---|---|
| Amount of judgment | $1, 200, 000 |
| Big Four Industries, Inc.—Share ½ | 600, 000 |
| Less : Punitive damages—not taxable | *323, 893 |
| Taxable compensatory damages shown as a part of line 9— page 1—Other income | 276, 107 |

| | |
|---|---|
| *Total amount of judgment rendered by Hon. Judge John H. Druffel | 1, 200, 000 |
| Less : Compensatory damages recommended by Stanley A. Hittner, master commissioner in chancery, in report dated Oct. 24, 1958 | 876, 107 |
| Punitive damages—Loss of goodwill and damage to capital structure | 323, 893 |

Immediately prior to and during the years covering the patent infringement involved in this case, petitioner did not carry goodwill on its books and records with any cost basis.

No damage resulted to any physical assets of petitioner as a result of the patent infringement.

Respondent in his notice of deficiency determined that petitioner's one-half share of the $1,200,000 award represented ordinary income in the following language:

It has been determined that, under the provisions of Section 61 of the Internal Revenue Code of 1954, you realized ordinary income for damages on a patent infringement in the amount of $600,000.00 instead of the $276,107.00 as reported by you on your return.

Petitioner treated $323,893 of the $1,200,000 award as an amount awarded it by the District Court for damage done to its corporate capital structure and goodwill. It placed that amount in a reserve account entitled "Reserve for Loss of Good Will and Damage" and did not report it as income in its return for 1959.

The parties are in agreement that $876,107 of the $1,200,000 awarded by the District Court represented damages for lost profits and therefore constitutes taxable income. They disagree as to the proper classification of the remaining $323,893; the Commissioner contends that this amount was also for lost profits or was otherwise taxable as ordinary income, whereas the petitioner argues that it was awarded for damages to its corporate capital structure and goodwill and represented a nontaxable replacement of capital. We hold that both parties are partly in error, and that the facts of record require a more refined treatment of the remaining $323,893.

*First*, it is clear from the District Court's decree that the award was intended to include the master's fee, attorneys' fees, accountants' fees, court reporter's fees, and all other costs pertaining to the proceeding.

The total of all such fees was $195,324.60.[1] The record also shows that petitioner deducted its share of the various fees and costs on its income tax returns. Plainly, the reimbursement of such fees constituted the receipt of ordinary income. Cf. *Nicholas W. Mathey*, 10 T.C. 1099, 1102, 1105, affirmed 177 F. 2d 259 (C.A. 1), certiorari denied 339 U.S. 943; *Sager Glove Corporation*, 36 T.C. 1173, 1179, affirmed 311 F. 2d 210 (C.A. 7).

*Second*, the District Court's findings explicitly state that the $1,200,000 award was intended in part to provide compensation "in some measure for damages to corporate capital structure of Big Four Industries, Inc., and to likewise compensate defendant, in some measure, for damages to good will of Big Four Industries, Inc." On this record, we could hardly conclude that the $128,568.40 remaining portion of the $1,200,000 award (after subtracting $876,107 lost profits and $195,324.60 fees), represented anything other than compensation for damages to capital structure and goodwill. To be sure, as argued by the Commissioner, petitioner nowhere specifically asked for such damages in its pleadings. But it did pray "for such other and further relief as the Court may consider proper in the premises," and we are satisfied that the District Court did intend to grant such relief. We cannot ignore the explicit language that it used.[2]

However, having concluded that the $128,568.40 component of the award represents damages to petitioner's capital structure and goodwill, that is not the end of the matter. To the extent that such amount did not exceed the basis of the capital interest or goodwill destroyed it would be nontaxable, but it would be taxable as capital gain to the extent of any excess over basis. *Sager Glove Corporation*, 36 T.C. 1173, 1180, affirmed 311 F. 2d 210 (C.A. 7); *Ralph Freeman*, 33 T.C. 323, 327; *Raytheon Production Corp.* v. *Commissioner*, 144 F. 2d 110, 114 (C.A. 1), certiorari denied 323 U.S. 779, affirming 1 T.C. 952; *Durkee* v. *Commissioner*, 162 F. 2d 184, 187 (C.A. 6), reversing 6 T.C. 773; *Telefilm, Inc.*, 21 T.C. 688, 694–695. The report of the master shows that there was considerable damage to petitioner's goodwill. The parties have stipulated that no damage resulted to any physical assets of petitioner as a result of the infringement and that it had no cost basis for goodwill. In the circumstances, all of the $128,568.40 is taxable as capital gain.

---

[1] The components were as follows:

| | |
|---|---:|
| Attorneys' fees | $150,000.00 |
| Master's fee | 30,000.00 |
| Accountants' fees | 7,500.00 |
| Court reporter's fees | 7,824.60 |
| Total | 195,324.60 |

[2] In this crucial respect this case differs from *Nicholas W. Mathey*, 10 T.C. 1099, affirmed 177 F. 2d 259 (C.A. 1), certiorari denied 339 U.S. 943, upon which the Commissioner relies.

Nor, in view of the last sentence in paragraph 5 of the Findings of the District Court herein, *supra*, p. 1057, can any portion of the award be regarded as punitive damages, which would be taxable income. Cf. *Commissioner* v. *Glenshaw Glass Co.*, 348 U.S. 426.

In order to give effect to the reclassification of the components of the award in accordance with the foregoing conclusions,

*Decision will be entered under Rule 50.*