STATE FISH CORPORATION, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1042-65.  Filed October 20, 1967.

*Eugene J. Steiner*, for the petitioner.
*Lawrence J. Shongut*, for the respondent.

SUPPLEMENTAL OPINION

FORRESTER, *Judge:* This proceeding is before us on respondent's motions. In our opinion in this case, entered June 28, 1967 (48 T.C. 465), we held, *inter alia*, that the receipt of $93.36 as reimbursement of court costs expended by petitioner for the recovery of taxable interest was not taxable to it because the receipt was simple a prorata reimbursement of costs which had been paid by petitioner. We further held that the court costs and legal fees expended by petitioner for the recovery of taxable interest were allowable as a deduction in the year in issue. Respondent reads these two holdings as meaning that we are allowing petitioner to deduct the full amount of the court costs incurred and paid by petitioner for the collection of interest even though a portion of such amount ($93.36) has been reimbursed. It was not our intention that these holdings be given this interpretation. As respondent accurately points out, such an interpretation would be contrary to the holding of this Court in *Big Four Industries, Inc.*, 40 T.C. 1055.

Therefore, in order to clarify and correct our holding, we make the following modifications: The amount of $1,091.34, paid by petitioner for court costs and legal fees, is allowable as a deduction in the year in issue, but such amount is to be reduced by the reimbursement of $93.36 in determining the net amount deductible. The net amount of interest taxable to petitioner in the year of issue therefore is $1,614.06.

In our said opinion of June 28, we also held that $331.04 received as reimbursement for court costs expended by petitioner for the recovery of goodwill was not taxable to it because the receipt was a prorata reimbursement of costs which had been paid by petitioner. We further held that the court costs and legal fees ($3,869.29) expended by petitioner for the recovery of goodwill were expenditures to be capitalized.

It is possible that these two holdings could be interpreted as meaning that the full amount of the court costs and legal fees paid by petitioner for the recovery of goodwill are to be capitalized, even though a portion of such amount ($331.04) has been reimbursed. It was not our intention that these holdings be given such interpretation.

Therefore, in order to clarify our holding, we make the following modification: The amount of $3,869.29, incurred and paid by petitioner for court costs and legal fees, was a capital expenditure, but such amount is to be reduced by the reimbursement of $331.04 in determining the net amount to be capitalized.

Except for the above modifications, the opinion entered June 28, 1967, remains our holding in this case.

*Decision will be entered under Rule 50.*