NANCY C. ROBERTS, TRANSFEREE OF ESTATE OF MILDRED S. ROBBINS, DECEASED, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roberts v. Commissioner
Docket No. 1489-93
United States Tax Court
T.C. Memo 1995-171; 1995 Tax Ct. Memo LEXIS 165; 69 T.C.M. (CCH) 2409; April 12, 1995, Filed *165 Decision will be entered for petitioner. For petitioner: William L. Eagan. For respondent: Harris L. Bonnette, Jr.
PAJAK
PAJAK
MEMORANDUM OPINION PAJAK, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. After a concession by petitioner that she was subject to transferee liability under section 6901 with respect to the unpaid liability of Mildred S. Robbins, deceased, the Court must decide: (1) Whether $ 50,000 received by Mildred S. Robbins, deceased, as a settlement of a claim arising out of a will dispute was gross income; and (2) whether she was liable for an addition to tax pursuant to section 6661 for a substantial understatement of income tax. Respondent determined a deficiency in the 1987 Federal income tax of Mildred S. Robbins, deceased, in the amount of $ 12,365 and an addition to tax under section 6661 in the amount of $ 3,091. Respondent further determined that pursuant to section 6901 petitioner Nancy C. Roberts, transferee (petitioner), *166 was liable as the transferee of assets of Mildred S. Robbins, deceased, for "unpaid tax and penalty" for 1987 in the amounts of $ 6,182.50 and $ 3,091, respectively, for a total amount in dispute of $ 9,273.50. Some of the facts in the case have been stipulated and are so found. Petitioner resided in Winter Springs, Florida, at the time she filed her petition. We have combined the findings of fact and opinion for the sake of clarity and simplicity. Mildred S. Robbins (Mildred) and Elmer S. Lowe (Elmer) were born in Wilkes County, North Carolina, in 1915. Mildred and Elmer attended the same high school in Wilkes County, North Carolina. Mildred dated Elmer during high school when they were 15 and 16 years of age. Mildred moved from Wilkes County, North Carolina, in 1932. In December 1933, Mildred married Jesse Robbins. After 44 years of marriage, Mildred and Jesse Robbins were divorced in 1977. In approximately 1976, Mildred was visiting in Wilkes County, North Carolina, and became reacquainted with Elmer after 44 years. More than a year later, Elmer called Mildred and visited her in Akron, Ohio, where she lived and worked at the time. Elmer, who was very sick, continued *167 to visit Mildred many times over the next several months. Mildred had been employed by May Company for 29 years. In 1977, she was a Department Manager, Housewares. She was then about 62 years of age, as was Elmer. Mildred was persuaded by Elmer to leave her job and come and live with him. Elmer promised that he would take care of her for the rest of her life. In the fall of 1977, Mildred moved to Wilkes County, North Carolina, to live with Elmer. Because Elmer was ill, Mildred took him to the Mayo Clinic. The Mayo Clinic examined Elmer and predicted he would live between 6 months to a year. Elmer lived for almost eight and one-half years after Mildred came to care for him. Mildred continued to care for Elmer until he died at age 70 on February 21, 1986. Mildred stated that Elmer promised to leave her $ 200,000, an antique car, a life estate in the farm on which they were living, $ 15,000 in life insurance, and his retirement fund. Mildred's motivation for living with and caring for Elmer was that she loved him, trusted him, believed him, and cared for him. Mildred and Elmer talked about marriage over the years. She often received gifts from Elmer and his sisters. Mildred *168 was treated like a member of Elmer's family. Elmer changed his will a number of times during his lifetime. The Last Will and Testament of Elmer S. Lowe was dated April 4, 1985. In Article III of his will, Elmer bequeathed to his "good friend, Mildred Robbins" $ 50,000 in bonds, a 1985 Mercury Grand Marquis, and the right to reside on his 18.57 acre farm for as long as she desired. In Article III of his will, Elmer also made specific bequests to his "daughter, Brenda Lucille Lowe" and to his "former employee, John I. Davidson". On June 6, 1986, Mildred filed a claim against the Estate of Elmer S. Lowe for the sum of $ 287,500 for breach of contract. Alternatively, Mildred claimed the sum of $ 270,000 for services rendered to Elmer during his lifetime. The co-executors of the Estate of Elmer S. Lowe were Brenda Lucille Lowe, Elmer's daughter, and the First Citizens Bank & Trust Company, Wilkes County, North Carolina. On March 30, 1987, Mildred and the co-executors of the Estate of Elmer S. Lowe entered into a settlement agreement that provided that Mildred would receive "In addition to all other property devised and bequeathed" the sum of $ 50,000. The agreement significantly *169 stated that the $ 50,000 was one of the "benefits conferred upon" Mildred "by the Will of Elmer S. Lowe". Mildred's attorneys received the $ 50,000 settlement and remitted $ 37,500 to her. Mildred died at age 73 on December 30, 1988. Respondent determined that the $ 50,000 received as a settlement by Mildred was taxable income. Petitioner claims that the $ 50,000 was received as a gift, bequest, devise, or inheritance and therefore was properly excluded from gross income pursuant to section 102(a). Section 61(a) provides that, except as otherwise provided, gross income means all income from whatever source derived. Section 102(a), an exception to section 61(a), provides that gross income does not include the value of property acquired by gift, bequest, devise, or inheritance. In order to resolve the dispute in this case, this Court must decide whether the $ 50,000 settlement received from the estate was due to Mildred's capacity as an heir or was for services rendered. The taxability of the proceeds of Mildred's claim, or of a sum received in settlement thereof, depends upon the nature of the claim and the actual basis of recovery. Sager Glove Corp. v. Commissioner, 36 T.C. 1173, 1180 (1961), *170 affd. 311 F.2d 210 (7th Cir. 1962). The nature of the recovery is determined by reference to the origin and character of the claim which gave rise to the litigation. Lyeth v. Hoey, 305 U.S. 188 (1938); Raytheon Production Corp. v. Commissioner, 144 F.2d 110 (1st Cir. 1944), affg. 1 T.C. 952 (1943). The principal allegation set forth in Mildred's claim was for breach of contract with respect to Elmer's will. The settlement agreement between Elmer's estate and Mildred provided that Mildred would receive $ 50,000 in addition to all other property devised and bequeathed. The settlement agreement also specified that this $ 50,000 was one of the benefits conferred upon Mildred by the Will of Elmer S. Lowe. We find that Mildred cared for Elmer for more than 8 years out of love, affection, and devotion, rather than in a business or employment relationship. Pascarelli v. Commissioner, 55 T.C. 1082, 1091 (1971), affd. without published opinion 485 F.2d 681 (3d Cir. 1973). We also find that the primary origin and character which gave rise to Mildred's claim was the breach of promise by Elmer to his *171 "good friend, Mildred Robbins" to make the provisions he had promised. In Lyeth v. Hoey, supra at 193, the Supreme Court stated: when the contestant is an heir and a valid compromise agreement has been made and there is a distribution to the heir from the decedent's estate accordingly, the question whether what the heir has thus received has been 'acquired by inheritance' within the meaning of the federal statute necessarily is a federal question…
The Supreme Court further stated: " In exempting from the income tax the value of property acquired by 'bequest, devise, or inheritance,' Congress used comprehensive terms embracing all acquisitions in the devolution of a decedent's estate." Lyeth v. Hoey, supra at 194. It is undisputed that Mildred was an heir to the Estate of Elmer S. Lowe. We find that the $ 50,000 received by Mildred in 1987 was a bequest received from the Estate of Elmer S. Lowe. The Estate of Elmer S. Lowe itself so characterized the amount in the settlement agreement. Therefore, we find that the amount was properly excluded from Mildred's gross income for 1987. Sec. 102(a). Because *172 we hold for petitioner on the gross income issue, we also find that the addition to tax for a substantial understatement of income tax pursuant to section 6661 does not apply. Decision will be entered for petitioner.